### JOHN HAYMAN *vs.* JOSEPH P. POND.

A factor. who has sold the goods of his principal and received the money therefor, does not owe him a debt created while acting in a fiduciary capacity, within the meaning of the first section of the United States bankrupt act of 1841.

ASSUMPSIT to recover $94·50, and interest from the 15th of March 1842. The case was submitted to the court on the following facts agreed:

" Jacob B. Ford purchased 100 pounds of ivory for the plaintiff, on the coast of Africa; and on his return to Salem, where the plaintiff and defendant both resided, left this and other ivory in the defendant's hands, and took from him a receipt for the plaintiff's part thereof, in which receipt the defendant promised to sell the same for the plaintiff, and account therefor when sold Ford immediately informed the plaintiff where the ivory was deposited, gave him said receipt, and had no subsequent charge of the sale of the ivory. The defendant afterwards sold the ivory, and obtained for it, after deducting commissions, &c., $94·50, which was the amount to which the plaintiff was entitled on said 15th of March 1842.

" Before the ivory was sold, the plaintiff went to sea; and after it was sold, viz. on the 23d of February 1842, Ford went to the defendant, to take out of the proceeds of the sale the amount that would be due to him as commission on the purchase of the ivory; and the defendant paid it to him. Ford, at the same time, of his own accord, without any authority from the plain-

tiff, took from the defendant a check for $94·50, the balance in the defendant's hands belonging to the plaintiff, and delivered the check to the plaintiff's wife, payable to the plaintiff on the 15th of March 1842. The plaintiff did not return from sea, nor know any thing of this transaction, till after said 15th of March, and after the defendant's proceedings in bankruptcy, as herein after named. Said check was drawn by the defendant on the Naumkeag Bank, in which he had no funds, and had made no provision for funds, when it was drawn. It was duly presented for payment by the plaintiff's wife, or some one for her, but was not honored, for want of funds; and neither the check, nor the $94·50 has been paid, though payment of the said sum was requested before the commencement of this action. The check was never accepted nor acted upon by the plaintiff in any way.

" The defendant entered a petition in bankruptcy, under the bankrupt law of the United States, on the 18th of June 1842 ; was afterwards declared bankrupt ; and on the 9th of January 1843 received his discharge under said bankrupt law. The plaintiff has never proved the above matter against the defendant's estate, nor in any way made himself a party to said bankrupt proceedings."

*Perkins*, for the plaintiff.

*Ward*, for the defendant.

The opinion of the court was delivered at November term 1844.

SHAW, C. J. The only question in the present case is, whether the plaintiff's claim against the defendant is barred by the cer tificate of discharge of the latter, under the bankrupt act of the United States.

Two questions were argued. 1. Whether, if this was originally a fiduciary debt, within the meaning of the bankrupt law, it had not been converted into a common debt, by the acceptance of the check of the defendant, under the circumstances stated. 2. Whether a debt due from a factor, for the proceeds of goods sold on account of a consignor, is a fiduciary debt, and so saved from the operation of the certificate of discharge.

Under the provisions of the bankrupt law, several points, bear

ing on these subjects, seem to be settled by the courts of the United States : *First*, that owing a fiduciary debt does not prevent the debtor from becoming a bankrupt : *Secondly*, that if a creditor, holding a claim which is a fiduciary debt under the statute, comes in and proves his debt, as he may, he is barred by the certificate of discharge : *Thirdly*, that if such creditor does not come in and prove, he is not barred.

But since this cause was argued, it has been decided, by the supreme court of the United States, that the debt due from a factor, for the proceeds of goods sold for his principal, is not a fiduciary debt. *Chapman* v. *Forsyth*, 2 Howard, 202. We have no doubt that this is the true construction of the law, and therefore that the certificate is a good bar to such debt, whether the creditor have proved it or not. This renders the other question immaterial.

*Judgment for the defendant.*